Springer, J.,
dissenting:
The issue here is whether the trial court abused its discretion in ordering, pursuant to NRCP 67(2), that certain moneys be deposited in court. I do not believe that the trial court abused its discretion and, therefore, dissent to the order that a writ of mandamus issue.
The trial court’s ruling is based on the provision of NRCP 67(2) and, necessarily, upon the trial court’s conclusion that Equistar had “admitted by the pleading or examination” that it had “under its possession ... or control” money that was “due to another party.” It is rather clear from the Peke-Equistar contract that there was money due from “a party” (Equistar) to “another party” (Peke); and it does not seem to me that the trial court abused its discretion in concluding that this fact was admitted.
As noted in the majority opinion, Equistar asked the court in a formal pleading that it be permitted “to deposit future payments *1070 under its agreement with Peke.” (Emphasis added.) Equistar thereby “admitted by the pleading” that it had agreed to pay money to “another party.” No one denies the Equistar-Peke contractual obligation; and the district court’s NRCP 67(2) order merely preserves this asset until the court can resolve whether the money should ultimately be paid to Peke or to the real parties in interest.
Equistar “admitted” its obligation to Peke when it filed its answer and asked the court to permit it to deposit in the court “future payments” owing under its agreement with Peke. The fact (as stated in the majority opinion) that Equistar later “revers[ed] the position taken in its answer” and “announced that Equistar opposed any order requiring a deposit in court of any future purchase payments” is immaterial. Equistar’s later joining forces with Peke is certainly not the same as denying its contractual obligation to Peke; and, as I see it, it cannot be denied that Equistar “admitted by the pleading” that it had money which was “due to another party.”[1]
Even if there were a substantial question relating to Equistar’s obligation to Peke under the sales contract, the trial judge’s order provides that nothing in its order would prevent Equistar from exercising any right that it might have retained to suspend payments to Peke under the terms of the sales contract. I can see no reason at all for interfering with the trial court’s proper exercise of discretion under NRCP 67(2); and, certainly, the trial judge has not, as maintained by the majority, “manifestly abused its discretion.”

 The majority mentions Equistar’s late-in-the-day assertion that “the question of whether any money is due to Plaintiff is disputed.” The general statement, in the passive voice, that the Equistar-Peke contractual obligation is disputed is not the same as saying that no money is owing. Whether there is some dispute as to the amount owing does not take away from the fact that there remains in the record an admission by the pleading that there is money owing that is subject to impound during this litigation.